UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. LOVE, JR.,

Plaintiff,

v.                                                    CAUSE NO.: 3:19-CV-163-PPS-MGG

ROBERT E. CARTER, et al.,

Defendants.

OPINION AND ORDER

Michael A. Love, Jr., a prisoner without a lawyer, filed a complaint and a motion

for a preliminary injunction. "A document filed pro se is to be liberally construed, and a

pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I

must review the merits of a prisoner complaint and dismiss it if the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

In the complaint, Love alleges that, on January 9, 2019, his fellow inmates

assaulted him in his cellhouse at the Indiana State Prison. He was stabbed in the left eye

and suffered a nasal fracture and lacerations on the eye, ear, and cheek. Though he

received medical treatment at an emergency room, he continues to suffer headaches,

dizziness, and extreme nasal pain. However, the prison medical staff, including Nancy

Marthakis and Sherry Fritter, have refused to treat him. Love seeks damages and injunctive relief for proper medical treatment.

Love asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Marthakis and Fritter for failing to treat his injuries from the assault. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The complaint states a plausible claim of deliberate indifference against Dr. Marthakis and Fritter.

Love also asserts a claim of deliberate indifference against Wexford Health Sources. A corporation "cannot be held liable under § 1983 on a respondeat superior theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation omitted). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (quotation omitted). Because Love has not

identified a policy or practice that acted as the moving force behind the inadequate medical treatment, he cannot proceed against Wexford Health Sources.

Next, Love asserts an Eighth Amendment failure to protect claim against Robert E. Carter, Ron Neal, Joshua Wallen, J. Mays, and Moses Itodo. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer*, 511 U.S. at 832 (quotation marks and citations omitted). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). Love alleges that each of these defendants knew of the multiple inmate assaults that occurred in his cellhouse but refused to respond reasonably to the risk of harm. Though these allegations are vague, at this stage of the proceedings, the complaint adequately states a failure to protect claim under the Eighth Amendment against these defendants.

In the motion for a preliminary injunction, Love seeks medical treatment for the injuries resulting from the assault. Ron Neal, as the warden of the Indiana State Prison, has both the authority and the responsibility to ensure that Love receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Love may proceed against Warden Neal in his official capacity on an injunctive relief claim. Further, Warden Neal is the proper party to respond to the motion for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Michael A. Love, Jr., leave to proceed on an Eighth Amendment claim against Nancy B. Marthakis and Sherry Fritter in their individual capacities for acting with deliberate indifference toward his medical needs by refusing to treat his injuries from the January 2019 assault;

(2) GRANTS Michael A. Love, Jr., leave to proceed on an Eighth Amendment claim against Robert E. Carter, Ron Neal, Joshua Wallen, J. Mays, and Moses Itodo in their individual capacities for failing to protect him from the January 2019 assault;

(3) GRANTS Michael A. Love, Jr., leave to proceed on an injunctive relief claim against Ron Neal in his official capacity to obtain medical treatment for his injuries from the January 2019 assault to the extent required by the Eighth Amendment;

(4) DISMISSES Wexford Health Sources;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nancy B. Marthakis, Sherry Fritter, Robert E. Carter, Ron Neal, Joshua Wallen, J. Mays, and Moses Itodo at the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 4) as required by 28 U.S.C. § 1915(d);

(7) ORDERS Ron Neal to respond to the motion for preliminary injunction (ECF 4) by March 29, 2019; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nancy B. Marthakis, Sherry Fritter, Robert E. Carter, Ron Neal, Joshua Wallen, J. Mays, and Moses Itodo to respond,

as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claims for which Michael A. Love, Jr. has been granted leave to proceed in this

screening order.

**SO ORDERED.**

ENTERED: March 8, 2019.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT